T.C. Memo. 1999-405


UNITED STATES TAX COURT


LINDA D. FASON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12308-98.                    Filed December 14, 1999.



    R disallowed deductions claimed on P's 1994 income tax
return and determined the civil fraud penalty pursuant to
sec. 6663, I.R.C.  In substantiation of these deductions, P
offered two documents which evidence at trial indicated were
not legitimate.
    <u>Held</u>: On the facts, P failed to establish her
entitlement to the deductions claimed and is therefore
liable for the deficiency determined by respondent.
    <u>Held</u>, <u>further</u>, P is liable for the sec. 6663, I.R.C.,
civil fraud penalty.



Linda D. Fason, pro se.

<u>Ric D. Hulshoff</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NIMS, Judge: Respondent determined a Federal income tax deficiency for petitioner's 1994 taxable year in the amount of $5,846.  Respondent also determined a civil fraud penalty of $4,385 for 1994, pursuant to section 6663.

The issues for decision are as follows:

(1) Whether petitioner has established entitlement to deductions claimed for medical expenses, charitable contributions, casualty losses, and employee business or miscellaneous expenses; and

(2) whether petitioner is liable for the section 6663 civil fraud penalty or, in the alternative, the section 6662(a) accuracy-related penalty.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations filed by the parties, with accompanying exhibits, are incorporated herein by this reference.

Linda D. Fason resided in Lynwood, California, at the time of filing her petition in this case.  On her 1994 income tax return, petitioner reported having incurred, and took

corresponding deductions for, the following expenditures and losses:  $8,611 for medical expenses, $7,214 for charitable contributions, $4,659 for casualty losses, and $12,656 for employee and miscellaneous expenses.

During an audit of her 1994 return, petitioner provided two documents for purposes of substantiating her expenses.  The first was a receipt on letterhead of Richard Hill, Sr., M.D.  The receipt designates Richard Harden, petitioner's son, as "patient" and bears $8,611.37 both as the amount of "charges" and as the amount "paid".  A handwritten annotation on the receipt reads: "Pd by L. Fason cashier chk".

The second item provided by petitioner for substantiation purposes was a document on letterhead of Trinity Baptist Church entitled "1994 Contribution Statement".  It states that Linda Fason contributed $7,214 during 1994.

On October 10, 1996, respondent sent petitioner a information document request asking for a copy of the cashier's check used to pay Dr. Richard Hill.  Petitioner responded in a letter dated October 15, 1996:  "Regarding your letter to me (copy enclosed) about a copy of cashiers check paid to Dr.'s bill the check had no copy."

Respondent then sent a second information document request on April 16, 1997, again soliciting a copy of the cashier's check or, if such was unavailable, verification of the method (i.e.,

personal check or cash withdrawal from a bank account) used to purchase the cashier's check.  Petitioner's April 28, 1997, response letter stated:  "Richard's med expenses were paid by cash so I only have the Dr. receipt that I turned in."

On May 8, 1997, respondent sent a third communication informing petitioner that "information provided from Trinity Baptist Church indicates that they did not receive any contributions from you during 1994" and that "the information you provided on the casualty loss is insufficient to verify that a loss was sustained and due to a casualty or theft.  A list of items prepared by you does not, by itself constitute verification."  Petitioner once again responded by letter on May 17, 1997.  With regard to the contributions, she wrote:  "My charitable contributions to Trinity Baptist Church was anonymous. That was my agreement with the church."  Concerning the casualty loss, she said:  "Because an earthquake is not a criminal matter I could not file a police report, to verify my losses.  The items I lost were too expensive for me to replace at one time so therefore I don't have a cancelled check."

When the matter came to trial, petitioner appeared and stated:  "I don't want to go any further with this."  She left the courtroom prior to the presentation of any evidence or testimony.

Respondent then proceeded to call Dr. Hill and the financial secretary of Trinity Baptist Church, Ms. Debra Hannah, as witnesses.

Dr. Hill did not recall ever treating Ms. Fason or her son and did not recognize the name of Richard Harden. The handwriting on the receipt did not belong to either Dr. Hill or his office manager, the only two individuals who prepare receipts in his practice. In addition, the receipt did not bear the stamp customarily placed by Dr. Hill on such documents.

Ms. Hannah had searched the contribution records of Trinity Baptist Church for 1993 and 1994, and no record was found of any gifts from Ms. Fason. Ms. Fason also was not listed in the past or present membership records of the church.

OPINION

We must decide whether petitioner has established her entitlement to the deductions claimed on her 1994 income tax return and, if not, whether she is liable for the section 6663 civil fraud penalty.

Respondent contends that petitioner has failed to substantiate the deductions claimed and is therefore liable for the deficiencies determined by respondent. Respondent further argues that falsified evidence offered by petitioner establishes an intent to evade tax and, hence, supports imposition of the civil fraud penalty. In the alternative, if petitioner's conduct

is determined not to rise to the level of fraud, respondent asserts that petitioner is liable for the accuracy-related penalty on account of negligence or disregard of rules or regulations.

We agree with respondent that the substantiation offered by petitioner not only falls short of establishing her entitlement to the claimed deductions but also demonstrates sufficient fraudulent intent to warrant the civil fraud penalty.

Disallowance of Deductions

As a general rule, respondent's determinations are presumed correct, and the taxpayer bears the burden of proving that such determinations are erroneous.  See Rule 142(a).  Deductions, moreover, are a matter of "legislative grace", and "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms."  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  The burden of proving entitlement to a deduction is therefore on the taxpayer, see Rule 142(a), and every taxpayer is required to maintain adequate records to substantiate the existence and amount of any deduction claimed; see sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Applying these principles to the matter at hand, we find that petitioner here has failed to carry her burden of establishing that disallowance of the challenged deductions was

erroneous.  With respect to the medical expenses, the only substantiation offered by petitioner is the purported receipt from Dr. Richard Hill.  Dr. Hill, however, testified that the document was not a receipt prepared by his office, and we find his testimony to be credible.  As to the charitable contributions, the sole item offered in substantiation, the 1994 Contribution Statement, is likewise shown by a credible witness to be lacking in legitimacy.  Ms. Debra Hannah, the financial secretary of Trinity Baptist Church, stated that the contribution records of the church contained no reference to a gift from petitioner.

Regarding the casualty losses and business and miscellaneous deductions, no substantiation other than the lists set forth in petitioner's return has been presented.  Hence, because demonstrably fraudulent evidence will not validate a deduction, nor, of course, will the complete absence of evidence, the presumption of correctness afforded to respondent's deficiency determination is not rebutted.  Petitioner is therefore liable for the deficiency determined by respondent.

Civil Fraud Penalty

Section 6663(a) authorizes the imposition of a civil fraud penalty and reads as follows:  "If any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the

portion of the underpayment which is attributable to fraud."

Section 6663(b) further provides:

> If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes (by a preponderance of the evidence) is not attributable to fraud.

To establish the existence of fraud, respondent bears the burden of proving by clear and convincing evidence that (1) an underpayment of income tax exists and (2) some portion of that underpayment is due to fraud. See sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 646 (1994); Recklitis v. Commissioner, 91 T.C. 874, 909 (1988).

Fraud is generally defined as intentional wrongdoing on the part of the taxpayer, with the specific purpose of evading tax believed to be owed. See Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958). Respondent must therefore prove that the taxpayer "intended to evade tax believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax." Clayton v. Commissioner, supra at 647; Recklitis v. Commissioner, supra at 909. Nonetheless, respondent "need not establish that tax evasion was a primary motive of the taxpayer, but may satisfy the burden by showing that a tax-evasion motive played any part in the taxpayer's conduct". Clayton v. Commissioner, supra at 647.

The presence of fraud is a question of fact to be resolved upon consideration of the entire record. See Recklitis v. Commissioner, supra at 909. Although fraud is never imputed or presumed, intent to defraud may be proven by circumstantial evidence. See Clayton v. Commissioner, supra at 647; Recklitis v. Commissioner, supra at 909-910.

Here, given our conclusion above regarding the existence of a deficiency, an underpayment of tax has been established. In addition, through presentation of circumstantial evidence, respondent has carried the burden of showing that some portion of this underpayment is due to fraud. Moreover, because petitioner has failed to offer any evidence that some part of the deficiency cannot be attributed to fraud, the section 6663 penalty applies to the entire underpayment.

This case reveals a specific fraudulent intent on the part of petitioner to evade tax. Petitioner neglected to maintain adequate records to substantiate more than $25,000 in deductions. In addition, evidence of intent to defraud is particularly apparent in the implausibility and inconsistencies surrounding the two documents allegedly offered to validate these deductions. Because testimony at trial indicated that neither document was legitimate, petitioner presented false evidence for purposes of misleading the tax authorities. Moreover, statements made by petitioner with regard to these documents reveal inconsistent

explanations of her behavior.  The medical receipt and petitioner's first letter to respondent refer to payment in the form of a cashier's check.  Petitioner's second letter to respondent, in contrast, states that payment was made in cash. The documentary evidence she offered and her own written statements are therefore directly contradictory.

Similarly, petitioner offered a contribution statement from Trinity Baptist Church which designates her by name as a donor. Then, in her third letter to respondent, petitioner attempts to explain the church's lack of information regarding her gifts by writing that her contributions were anonymous.  However, if her contributions were truly anonymous, so that her giving would not be reflected in the church records, the church would not have been able to issue a personal contribution statement.  Again, petitioner's explanations are contradictory and implausible.

Furthermore, prolonging the examination of her return for several years with false and conflicting communications can hardly be deemed cooperation with tax authorities.

Based on these circumstances, we hold that petitioner is liable for the section 6663 civil fraud penalty, and we need not reach the alternative question of whether petitioner would be

liable for the section 6662 accuracy-related penalty.
Respondent's determinations are therefore sustained both as to
the deficiency and as to the fraud penalty.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.